# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT



No. 08-05

DANIEL SHEA

                        Plaintiff-Petitioner

v.

DEBRA A HILDERBRAND;
JOHN DOE

                        Defendants-Respondents

Appeal from the United States District Court
For the Southern District of Mississippi

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

BY THE COURT:

    In this tort suit, the *pro se* plaintiff seeks to appeal the district court's interlocutory rulings: first, an order entered on February 13, 2007, adopting the report and recommendation of the magistrate judge, and two orders entered on December 18, 2007, denying the plaintiff's motion for review of the order adopting the report and recommendations. Shea had sought recusal because no case management conference had been scheduled; the order pointed out that, as the magistrate judge noted in his report, prisoner lawsuits are placed on the administrative track and case management conferences are normally not held for cases on the administrative track. The order stated that the case had been stayed pending Shea's release from incarceration.

No. 08-05

Shea did not file a notice of appeal from the orders in the district court. Nor did he move the district court for certification of the orders for appeal. See 28 U.S.C. § 1292(b). This court lacks jurisdiction to permit a discretionary appeal in the absence of such certification by the district court. See Association of Co-operative Members Inc. v. Farmland Industries, Inc., 684 F.2d 1134, 1137 n.3 (5th Cir. 1982), cert. denied, 460 U.S. 1038 (1983).

Moreover, absent a timely notice of appeal, this court does not exercise its appellate jurisdiction. Federal appellate courts have jurisdiction over appeals only from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or that have been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b). See Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981).

Accordingly, the petition for permission to appeal is DENIED.

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana    MAR 0 6 2008